UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


| | |
|---|---|
| JIMMIE LEE WILLIAMS, | Case No. 2:17-cv-00040-MC |
| Petitioner, | OPINION AND ORDER |
| v. | |
| BRAD CAIN, Superintendent,<br>Snake River Correctional Institution, | |
| Respondent. | |

MCSHANE, District Judge:

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his trial counsel rendered ineffective assistance by failing to object to hearsay testimony and failing to interview character witnesses. Respondent contends that one of petitioner's claims is procedurally defaulted and the remaining claim was denied in a state court decision entitled to deference. For the reasons explained below, the petition is denied and the case dismissed.

BACKGROUND

In April 2011, after trial by jury, petitioner was convicted of Unlawful Sexual Penetration in the First Degree, Sodomy in the First Degree, and three counts of Sexual Abuse in the First Degree. Resp't Ex. 101.

Petitioner's convictions arose from the sexual abuse of G.T., his wife's daughter, when she was between the ages of seven and nine. On a camping trip in late July 2010, G.T disclosed the abuse to M.S., her stepsister. Transcript of Proceedings (Tr.) at 75 (ECF No. 27). M.S. reported those allegations, and G.T.'s father eventually called the police. Tr. at 76, 88. Det. Jason Ball led the investigation and arranged for G.T. to be examined at Liberty House, a child abuse assessment center.

On July 30, 2010, Dr. Oh, a medical provider at Liberty House, conducted a physical examination of G.T. and asked her "privates" had even gotten hurt. Tr. 153-54. G.T. told Dr. Oh that petitioner sometimes "wants to poke one of his fingers inside the hole where the baby comes out. And sometimes he puts one whole finger in there and it hurts." Tr. 154. Dr. Meredy Golburg-Edelson, a clinical psychologist for Liberty House, was present during the examination and told G.T. that they would talk about her disclosures in the interview room. Tr. 146-47, 154. After her medical examination, G.T. was taken to an interview room and Dr. Golburg-Edelson asked G.T. about the statement she made during the medical examination. During this interview, G.T. disclosed many other instances of abuse by petitioner. Tr. 118-122, 132-34, 139-41.

At trial, G.T. recounted an uncharged occurrence of abuse by petitioner (that occurred outside of the court's jurisdiction) and testified that she could not remember the other instances of abuse she revealed in the Liberty House interview. Tr. 20-21, 62-63, 66-70, 72. G.T. also testified that she did not remember talking to Dr. Golburg-Edelson, though she remembered a place with a mirror and a camera. Tr. at 64-65.

The State called Dr. Golburg-Edelson and Det. Ball to testify. Dr. Golburg-Edelson described G.T.'s examination and interview and testified about G.T.'s statements and disclosures of abuse by petitioner. Tr. 118-122, 132-34, 139-41. During Dr. Golburg-Edelson's testimony,

the State offered a video recording of G.T.'s Liberty House interview as Exhibit 1 and parts of the video were played for the jury. Tr. at 123-30, 134-37, 141-44. Subsequently, Det. Ball testified about G.T.'s assessment at Liberty House and her statements made during the interview. Tr. 183-86. Petitioner's trial counsel did not object to the introduction of Exhibit 1 or to the testimony of Dr. Goldburg-Edelson and Det. Ball on grounds of inadmissible hearsay.

The jury found petitioner guilty on all counts. Tr. 278-79. At sentencing, the trial court imposed consecutive and concurrent sentences totaling 420 months of imprisonment. Tr. 305-06; Resp't Ex. 101.

After dismissing his direct appeal, petitioner filed a petition for post-conviction relief (PCR) alleging several claims of ineffective assistance of counsel, and the PCR trial court denied relief. Resp't Exs. 103, 105, 121-22. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Resp't Exs. 123, 129-30.

On January 9, 2017, petitioner filed this habeas petition under 28 U.S.C. § 2254.

## DISCUSSION

A. Ground Two – Failure to Call Character Witnesses

In Ground Two, petitioner alleges that trial counsel rendered ineffective assistance by failing to interview and call several character witnesses. Pet. at 6 (ECF No. 2). Respondent argues that this claim is procedurally defaulted and barred from review because petitioner failed to present it to the Oregon Supreme Court. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (before seeking federal habeas relief, a petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights"*).*
Page 3    - OPINION AND ORDER

The record reflects that petitioner did not raise counsel's alleged failure to interview or call witnesses in his PCR appeal. Resp't Ex. 123. Petitioner does not dispute that Ground Two is unexhausted and procedurally defaulted, and he does not allege cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Moreover, petitioner presents no argument to support the merits and fails to establish entitlement to habeas relief on Ground Two. *See* Pet'r Br. in Support (ECF No. 28); *Mayes v. Premo*, 766 F.3d 949, 957 (9th Cir. 2014) (a habeas petitioner bears the burden of proving his claims).

B.  Ground One – Failure to Object to Child Hearsay Statements

In Ground One, petitioner asserts that trial counsel rendered ineffective assistance by failing to object to the admission of Exhibit 1 and the testimony of Dr. Goldburg-Edelson and Det. Ball on hearsay grounds. Pet. at 6. The PCR court rejected this claim, finding that the trial court would have admitted the testimony regardless of any objection and petitioner could not establish prejudice resulting from counsel's failure to object. Resp't Exs. 121-22; *Strickland v. Washington*, 466 U.S. 668 (1984). Respondent maintains that the PCR court's decision is entitled to deference.

A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established federal law if it fails to apply the correct Supreme Court authority, or if it reaches a different result in a case with facts "materially indistinguishable" from relevant Supreme Court precedent. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision is an "unreasonable application" of clearly

established federal law if the state court identifies the correct legal principle but applies it in an "objectively unreasonable manner." *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Williams,* 529 U.S. at 407-08, 413; *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam) (state court decisions that are not "contrary to" Supreme Court law may be set aside "only if they are not merely erroneous, but 'an unreasonable application' of clearly established federal law, or based on 'an unreasonable determination of the facts.'").

Under well-established Supreme Court precedent, a prisoner alleging ineffective assistance of counsel must show that 1) "counsel's performance was deficient," and 2) counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To show deficient performance, a petitioner "must show that counsel's representations fell below an objective standard of reasonableness." *Id.* at 688. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Unless a petitioner "makes both showings, it cannot be said that the conviction...resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The State introduced G.T.'s hearsay statements under Oregon Evidence Code (OEC) 803(18a)(b), which authorizes the admission of hearsay statements by child declarants regarding sexual abuse "if the declarant either testifies at the proceeding and is subject to cross-examination, or is unavailable as a witness but was chronologically or mentally under 12 years of age when the statement was made." Or. Evid. C. 803(18a)(b); Resp't Ex. 117 (Notice of State's Intention to Rely on Child Hearsay). A child "declarant shall be considered 'unavailable' if the declarant has a substantial lack of memory of the subject matter of the statement." Or. Evid. C. 803(18a)(b). If the child is "unavailable," a hearsay statement is admissible "only if the…time,

content and circumstances of the statement provide indicia of reliability, and in a criminal trial that there is corroborative evidence of the act of abuse and of the alleged perpetrator's opportunity to participate in the conduct." *Id.*

As he alleged in the PCR proceeding, petitioner argues that trial counsel's performance was deficient because counsel did not object to the admission of G.T.'s hearsay statements presented through the testimony of Dr. Goldburg-Edelson and Det. Ball. *See* Pet'r Br. at 7-8; Resp't Ex. 105 at 4-5. Petitioner maintains that G.T. was "functionally unavailable" due to her inability to remember numerous statements she made during her Liberty House interview, and trial counsel should have objected to the admission of her statements on grounds that they lacked sufficient indicia of reliability and were uncorroborated by other evidence.

The PCR court agreed with petitioner and found that counsel should have objected to the admission of G.T.'s Liberty House statements because G.T. had "a substantial lack of memory," and "probably, the Court would have found her unavailable if a motion had been made." Resp. Ex. 121 at 38 ("a competent attorney would have asked the Court to make a determination about indicia of reliability and those other factors if she is unavailable"). Nonetheless, the PCR court found that petitioner failed to establish prejudice because the trial court would have admitted G.T.'s statements, regardless of any objection, and "the outcome would have been the same." Resp't Ex. 121 at 38-40. Specifically, the PCR found:

> The question then is, if a motion had been made and the Court had reviewed it, would the Court have allowed the Statements? And, because of what happened in this trial, I think the Court would have allowed the statements because I think the Court would have been able to make the findings. The findings that are necessary are that the time, content and circumstances provide an indicia of reliability. And, the indicia of reliability, I -- when you read the cases on that, factually, you just look at the statement itself and the circumstances surrounding the statement. You don't look at outside evidence as a list of things that the judge looks at but basically I think the most instructive case on that is State v. Reed at 173 Or App

> 185. And, I think there was an indicia of reliability and I think the Court would have found it.

Resp. Ex. 121 at 38. The PCR court emphasized that the trial court "would have looked at the tape" of G.T.'s interview and found her statements to be reliable and corroborated under the circumstances. Resp't Ex. 121 at 40. In other words, based on Oregon caselaw and the evidence presented and admitted at trial, the PCR court ruled that the trial court would have found G.T.'s hearsay statements admissible under OEC 803(18a)(b).

Petitioner acknowledges the PCR court's reliance on Oregon law and this Court's well-established limitations on reviewing issues of state law. Pet'r Br. in Support at 8; *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Petitioner nonetheless maintains that if counsel had objected, the trial court would have been required to evaluate G.T's statements for reliability, and "there is a reasonable probability that the trial court would have found G.T.'s statements to be unreliable and insufficiently corroborated, given the circumstances." Pet'r Br. in Support at 8.

However, petitioner does not explain why the PCR court's determination of prejudice is unreasonable or why the trial court would have found G.T.'s statements to lack indicia of reliability and corroborating evidence. Petitioner likewise cites no evidence in the record to support his argument. *Id.* Regardless, as petitioner recognizes, this Court cannot review evidentiary rulings of a state court that are based on state law. *Id.*; *Estelle*, 502 U.S. at 67 (an "inquiry" into whether evidence was "incorrectly admitted" pursuant to state law "is no part of a federal court's habeas review of a state conviction").

Accordingly, the PCR court's ruling was not an unreasonable application of clearly established federal law, and petitioner is not entitled to federal habeas relief.

## CONCLUSION

Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) is DENIED and this case is DISMISSED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

DATED this 16th day of May, 2018.

s/ Michael J. McShane
Michael J. McShane
United States District Judge